## THE STATE v. MICK. BARNES.

CRIMINAL LAW. *Grand jury. Inquisitorial powers.* The grand jury have inquisitorial powers in regard to the offense of frequenting a bawdy house. The grand jury may send for witnesses without any order of court in such cases.

### FROM MARION.

Appeal in error from the Circuit Court of Marion county. D. C. TREWHITT, J.

ATTORNEY-GENERAL LEA for the State.

HYDE & BROWN for Barnes.

DEADERICK, C. J., delivered the opinion of the court.

The defendant was presented for lewdness, and pleaded in abatement that the presentment was found upon the testimony of a witness sent for by the grand jury without any order of the court, they not having inquisitorial power in relation to said offense. The lewdness charged was frequenting a house of ill-fame. The court refused to strike out the plea on motion of the attorney-general, and holding the plea good in abatement of the presentment, and the attorney-general refusing to take issue upon it, quashed the presentment and discharged the defendant. The attorney-general appealed in error to this court.

No briefs have been filed.

The presentment charges the offense of lewdness, to have been committed by frequenting a house of ill-fame. Sec. 5087*a* of the Code expressly confers upon the grand jury the power to send for witnesses "in all cases" "in regard to lewdness." Its language is: "The *grand juries* shall have the right and power to send for and examine witnesses in all cases where they suspect a violation of the laws of the State," etc. Then follow the names of offenses, etc. In *Brooks* v. *The State*, 2 Yer., 482, it was held that frequenting houses of ill-fame falls under the head of lewdness. The order of the court is not necessary to validate the act of the grand jury in sending for

witnesses under the section of the Code cited. It says the grand jury shall have the right to send for witnesses, as well as the power also to examine them, when *they* suspect a violation of the law, in certain enumerated cases. Nothing in this section requires them to obtain an order from the court, or its permission to call witnesses before them; on the contrary, it is plain that when they suspect a violation of the law, they, themselves, have the power and the right to send for witnesses to appear before them and be examined by them.

The judgment of the circuit court will be reversed, the plea in abatement will be stricken out, as insufficient to abate the presentment, and the cause will be remanded, with liberty to defendant to plead to the presentment.